Dean C. Sorensen, ISB # 5931
Clinton O. Casey, ISB # 4333
Tyler H. Neill, ISB # 7754
CANTRILL SKINNER LEWIS CASEY & SORENSEN, LLP
1423 Tyrell Lane
P. O. Box 359
Boise, Idaho  83701
Telephone:  (208) 344-8035
Facsimile:  (208) 345-7212
cssklaw@cssklaw.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DAVID D. REYNOLDS, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT AND DEMAND** |
| | ) | **FOR JURY TRIAL** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff David D. Reynolds, by and through his attorneys of record, CANTRILL SKINNER LEWIS CASEY & SORENSEN, LLP, and as and for a cause of action against Defendant UNITED STATES OF AMERICA, complains and alleges as follows:

## PARTIES AND JURISDICTION

1.     The claims in this lawsuit are for personal injury and property damage sustained by Plaintiff David D. Reynolds that were caused by the negligent or wrongful acts or omissions of Joshua D. Wemlinger ("Wemlinger") as an employee of the United States of America while acting within the scope of his office or employment.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

2.      Wemlinger is and was at all relevant times a member of the Idaho National Guard.

3.      Plaintiff David D. Reynolds ("Reynolds") is a resident of Ada County, Idaho.

4.      Under the Federal Tort Claims Act, Defendant United States of America has accepted liability for injury or loss of property, or personal injury caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his office or employment.

5.      Venue is appropriate in Ada County in the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1391(1).

6.      Jurisdiction is proper in the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1346(b)(1).

## <u>GENERAL ALLEGATIONS</u>

7.      The weekend of July 9 and 10, 2016, Wemlinger was working drill duty for the National Guard in Moscow, Idaho.  Another National Guard member, Sergeant First Class Josiah Johnson ("Johnson"), was also working drill duty the weekend of July 9 and 10, 2016 in Moscow, Idaho.  Johnson was residing in Lewiston, Idaho at that time, and was a superior to Wemlinger in the National Guard.

8.      On the morning of July 10, 2016, Johnson drove his personal vehicle to the National Guard base in Lewiston, Idaho in order to retrieve a National Guard vehicle that was needed for training that day in Moscow, Idaho, and Johnson left his personal vehicle at the base in Lewiston, Idaho.

9.      On July 10, 2016 at approximately 5:00 p.m., all service members at the Moscow Armory were released from drill.  However, Wemlinger and Johnson were required to remain at the Moscow Armory and continued to work along with their superior, First Sergeant

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

Chad Montgomery.   Upon information and belief, at all relevant times hereto, Chad Montgomery resided in Genesee, Idaho.

10.    At approximately 5:45 p.m. on July 10, 2016, Wemlinger and Johnson left the Moscow Armory in Wemlinger's vehicle.  At that time, Wemlinger was transporting Johnson back to his personal vehicle that was still located at the National Guard base in Lewiston, Idaho.

11.    At approximately 5:50 p.m. on July 10, 2016, as Wemlinger was driving his vehicle south on Idaho Highway 95 south of Moscow, Idaho, Wemlinger lost control of his vehicle, crossed over the center line of the highway into the northbound lane, and struck the Plaintiff's vehicle head-on.

12.    Wemlinger was issued a citation for the collision under Idaho Code Section 49-635 for driving on the left side of the highway, for which he pled guilty.

13.    At the time of the accident on July 10, 2016, Wemlinger was engaged in the course and scope of his employment with the National Guard as he was transporting Sergeant First Class Josiah Johnson to his vehicle at the base in Lewiston, Idaho in service to the National Guard.

14.    The Plaintiff sustained horrific and lifelong injuries from the accident due to the negligent acts or omissions of Wemlinger.  The Plaintiff's physical injuries from the accident include, but are not limited to:

-    Aortic Artery Tear;

-    Fractured L5 Vertebrae, mild nerve compression, and ruptured disc;

-    Compound fracture of tibia & fibula (lower) on right leg;

**COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

- Muscle/skin graft surgery for the right lower leg as a result of the compound fracture of tibia/fibula;

- Shattered talus (ankle) on the right leg;

- Fractured Navicular Bone (bone in ankle);

- Shattered calcaneus (heel) on the right foot;

- Fractured calcaneus on the left foot;

- Fractured right wrist. Both ulnar and radius bones were broken;

- Dissection of Vertebral and Carotid arteries;

- Fractured occipital bone (eye socket area);

- Fractured Rib;

- Punctured lung; and

- Numerous cuts.

## **CAUSES OF ACTION**

### COUNTS I AND II – NEGLIGENCE AND NEGLIGENCE PER SE

15.    Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth fully herein.

16.    At the time of the accident on July 10, 2016, Wemlinger was acting in the course and scope of his employment with the National Guard, and Defendant is liable for the injuries to Plaintiff under the doctrines of negligence, negligence per se, and respondeat superior.

17.    Defendant had a duty to Plaintiff to exercise ordinary care to prevent unreasonable, foreseeable risks of harm to others.

18.    At the time of accident on July 10, 2016, Wemlinger, acting in the course and scope of his employment with the National Guard, breached the duty of care by operating his

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

vehicle in an unlawful, careless and negligent manner so as to actually and proximately cause the head-on collision with the Plaintiff's vehicle.

19.     At the time of accident on July 10, 2016, Wemlinger, acting in the course and scope of his employment with the National Guard, operated his vehicle in violation of the Idaho Code, including but not limited to Idaho Code Section 49-635, and said actions constitute negligence per se.

20.     As a direct and proximate result of Defendant's negligence and negligence per se, as set forth above, Defendant caused Plaintiff to suffer substantial personal injuries, sustain damages and incur expenses for medical care in an amount which will be proven at the time of trial of this action.

21.     As a direct and proximate result of Defendant's negligence and negligence per se, as set forth above, Defendant caused Plaintiff to require future medical expenses in an amount which will be proven at the time of trial of this action.

22.     As a further direct and proximate result of Defendant's negligence and negligence per se as set forth above, Defendant caused Plaintiff to experience great pain, suffering, emotional distress, permanent disfigurement, financial stress, loss of enjoyment of life, inability to work and perform daily tasks, and lost future income, all to his general damage in an amount to be proven at the time of trial of this action.

COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

23.     Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth fully herein.

24.     Defendant had a duty to conform to a certain standard of conduct in the operation of his motor vehicle.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

25.    Defendant breached its duty by the acts and omissions identified herein.

26.    Defendant has negligently caused Plaintiff to suffer mental anguish and emotional distress.  The Plaintiff has suffered actual loss or damage.

27.    The Plaintiff has been damaged by the Defendant's acts and omissions in an amount to be proven at trial.

## RESERVATION OF CLAIMS

Plaintiff hereby reserves the right to include further claims that may be developed during the course of discovery in this matter.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

## ATTORNEYS' FEES AND COSTS

Plaintiff has been required to engage the services of the law firm of Cantrill Skinner Lewis Casey & Sorensen, LLP, in order to pursue this lawsuit and is entitled to an award of costs and reasonable attorney's fees necessitated in this action pursuant to Idaho Code §§ 12-120 and 12-121, Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 2678, and all other applicable state and federal law.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For judgment to be entered against the Defendant for all damages suffered by Plaintiff as a result of the Defendant's unlawful conduct, plus pre and post-judgment interest to the maximum extent allowed by law.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 6**

2.      For Plaintiff's reasonable attorney fees and costs necessitated in this action pursuant to Idaho Code §§ 12-120 and 12-121, Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 2678, and all other applicable state and federal law; and

3.      For such other and further relief as the Court deems just and equitable in the circumstances.

DATED this 10th day of July, 2018.

CANTRILL, SKINNER, LEWIS, CASEY, & SORENSEN, LLP

By: ____/s/_____
          Dean C. Sorensen
          Attorneys for Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL - 7**