UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| DAVID D. REYNOLDS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant, | Case No.: 1:18-cv-00303-REB<br><br>**ORDER OF REASSIGNMENT AND REPORT AND RECOMMENDATION RE: DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS**<br><br>**(Docket No. 6)** |

Now pending before the Court is Defendant United States of America's Motion to Dismiss (Dkt. No. 6). Because not all named parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and/or FRCP 73, IT IS HEREBY ORDERED that this case be REASSIGNED to a United States District Judge to consider whether the action should be dismissed pursuant to FRCP 4(m). *See Williams v. King*, 875 F.3d 500 (9th Cir. 2017).

In light of *Williams*, the undersigned submits the following Report and Recommendation to the assigned District Judge:

### REPORT AND RECOMMENDATION

A.    **Background**

Plaintiff initiated this action on July 10, 2018, and on July 18, 2018, the Clerk of Court issued a summons. *See* Compl. & Summons. (Dkt. Nos. 1 & 2). On August 30, 2018, Plaintiff filed a "Status Report on Service of Process" pursuant to Local Civil Rule 4.1, stating: "Service of the Summons and Complaint was submitted to a third party process server and service was effectuated upon Defendant on August 24, 2018" and "Plaintiff has not yet received the

**ORDER OF REASSIGNMENT AND REPORT AND RECOMMENDATION - 1**

notarized Proof of Service for filing from the third party process server." Pl.'s Status Rpt. (Dkt. No. 3). Later that day, Plaintiff filed an Affidavit of Service completed by Tri-County Process Serving LLC, stating in part:

> Received by Tri-County Process Serving LLC on August 24, 2018 to be served on **UNITED STATES OF AMERICA**.
>
> I, Kasey L. Vink, who being duly sworn, depose and say that on Friday, August 24, 2018 at 1:35 PM, I:
>
> **SERVED** the within named **United States of America** by delivering a true copy of the **Summons in a Civil Action, Complaint and Demand for Jury Trial** to Jessica Black, Paralegal, a person authorized to accept service on behalf of United States of America. Said service was effected at **U.S. Attorney's Office, 800 Park Blvd., Ste. 600, Boise, ID 83712.**

Aff. of Serv. (Dkt. No. 5) (emphasis in original). On August 31, 2018, the U.S. Attorney's Office for the District of Idaho received a letter from Plaintiff's counsel enclosing a copy of the Summons and Complaint in this case. *See* Ex. 1 to Schaefer Decl. (Dkt. No. 6-3).

On October 23, 2018, Defendant moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction, arguing that Plaintiff has not properly served the United States. *See generally* Def.'s MTD (Dkt. No. 6). Specifically, Defendant contends that Plaintiff failed to timely serve a copy of the Summons and Complaint upon both the U.S. Attorney for the District of Idaho *and* the U.S. Attorney General in Washington, D.C pursuant to Rule 4 of the Federal Rules of Civil Procedure. *See* Def.'s Mem. in Supp. of MTD, p. 3 (Dkt. No. 6-1).

In an apparent response to Defendant's arguments, on October 23, 2018, Plaintiff filed a second "Status Report on Service of Process," confirming that (1) the U.S. Attorney for the District of Idaho was served on August 24, 2018, and (2) copies of the Summons and Complaint were mailed to the U.S. Attorney General in Washington, D.C. and to the Office of the Judge Advocate General of the Army on October 23, 2018. *See* Pl.'s Status Rpt. (Dkt. No. 7). The next day, Plaintiff confirmed that such notice was sent via certified mail. *See* Pl.'s Am. Status

**ORDER OF REASSIGNMENT AND REPORT AND RECOMMENDATION - 2**

Rpt. (Dkt. No. 8).  On October 26, 2018, Plaintiff formally opposed Defendant's Motion, requesting that, pursuant to Rule 4(m), the Court order that service be made within a specified time (already corrected/accomplished) and, further noting that, even if the Court were to dismiss the Complaint without prejudice, Plaintiff would nonetheless be able to re-file prior to December 4, 2018.  See Pl.'s Opp. to MTD, pp. 3-4 (Dkt. No. 9) ("In the interest of justice and judicial economy, it makes sense for the Court to exercise its discretion in ordering that service be made within a specified time, instead of ordering the claim dismissed without prejudice.").

On October 31, 2018, Defendant advised that Court that it would not file a reply to Plaintiff's opposition to, and in support of, its Motion.  See Def.'s Notice (Dkt. No. 10).

**B.    Report**

There is no dispute that Plaintiff was required to serve Defendant with his Complaint within 90 days of the Complaint's filing.  See Fed. R. Civ. P. 4(m).  And, as to service, there is also no dispute that Plaintiff was required to (1) deliver a copy of the Summons and Complaint to the U.S. Attorney for the District of Idaho, and (2) send a copy of the Summons and Complaint by certified mail to the U.S. Attorney General in Washington, D.C.  See Fed. R. Civ. P. 4(i)(1)(A & B).  Although Plaintiff satisfied the first requirement (copy to U.S. Attorney) within the prescribed 90 days, he technically did not satisfy the second requirement (copy to U.S. Attorney General) within the same time-frame – thus, bringing about the at-issue Motion to Dismiss.  Plaintiff has since cured this oversight by sending a copy of the Summons and Complaint to the U.S. Attorney General (and the Office of the Judge Advocate General of the Army) on October 23, 2018 – but, again, after the 90-day period for service had run.

Relevant here, Rule 4(m) states that, if service is not accomplished within 90 days of a complaint's filing, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the

**ORDER OF REASSIGNMENT AND REPORT AND RECOMMENDATION - 3**

failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). This language is confusing – perhaps even conflicting – with the only sensible reading being that the time of service must be extended upon a showing of good cause; and that, absent good cause, a dismissal without prejudice is warranted, unless the court orders that service be made by a date certain.

There is no indication in the record that good cause exists to require additional time to effectuate service in this instance – Plaintiff's counsel's declaration speaks only to the time period associated with instituting the underlying claim in the first instance, not any justifying reasons amounting to good cause for failing to accomplish service on time. *See generally* Neill Decl. (Dkt. No. 9-1). Even so, Rule 4(m) permits the Court to still order that service be made within a specified time (presumably even without good cause). *See supra*. And, based on the confluence of various factors – namely the fact that (1) Plaintiff appears to have finally perfected service, (2) Plaintiff could simply re-file the action if need be, (3) the approximately 2-week delay in service is minimal under the circumstances presented here, and (4) there is no prejudice to Defendant – common sense dictates that the time period for service be extended through October 23, 2018. In this setting, Defendant's Motion to Dismiss would then be denied.

C.   **Recommendation**

IT IS THEREFORE HEREBY RECOMMENDED that Defendant United States of America's Motion to Dismiss (Dkt. No. 6) be DENIED.

DATED: November 21, 2018

_____
Ronald E. Bush
Chief U.S. Magistrate Judge

**ORDER OF REASSIGNMENT AND REPORT AND RECOMMENDATION - 4**