UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID D. REYNOLDS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:18-cv-00303-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

On November 21, 2018, Chief United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Defendant's Motion to Dismiss be denied and an Order of Reassignment. (Dkt. 12.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); *Local Civil Rule 72.1(b)*. The district court then makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; Fed. R. Civ. P. 72(b). The parties have notified the Court that neither side intends to file objections. The matter is therefore ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. The Ninth Circuit has interpreted the requirements of 28 U.S.C. § 636(b)(1)(C) as follows:

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties)….

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); s*ee also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). When no timely objections are made, arguments to the contrary are waived and "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation).

## DISCUSSION

The procedural background and facts of this case relevant to the Motion to Dismiss are properly articulated in the Report and are incorporated into this Order. (Dkt. 12.) On July 10, 2018, Plaintiff brought this action against Defendant alleging negligence claims. (Dkt. 1.) Defendant filed a Motion to Dismiss for lack of personal jurisdiction arguing Plaintiff had failed to properly serve the United States. (Dkt. 6.) The Report recommends that this Court deny the Motion to Dismiss. (Dkt. 6.)

The Court has reviewed the entire Report and the record in this matter for clear error on the face of the record and none has been found. The Report articulated and applied the correct standard of law to the Motion to Dismiss. Moreover, this Court agrees with the Report's analysis and conclusion that the Motion to Dismiss should be denied based on the relevant law and the factors in this case. (Dkt. 12.) Accordingly, the Court adopts the Report in its entirety and, for the reasons stated therein, denies the Motion to Dismiss.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation (Dkt. 12) is **ADOPTED** and the Motion to Dismiss (Dkt. 6) is **DENIED**.

DATED: November 26, 2018

Honorable Edward J. Lodge
U.S. District Judge